UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSS A. FIORANI

        Plaintiff(s),

    v.

HEWLETT PACKARD CORP., et al.,

        Defendant(s).

_____/

No. C 12-1240 PJH

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

        The court has received plaintiff's complaint, filed in this court on March 12, 2012. Although the complaint is not a model of clarity, it appears that plaintiff Ross A. Fiorani ("plaintiff") bases his claims on the purchase of three allegedly defective laptop computers, which were manufactured by defendant Hewlett Packard Corp. ("HP"). Plaintiff also names a number of additional defendants, without adequately explaining their roles in the alleged injuries suffered by plaintiff. Specifically, after naming HP as a defendant, the complaint includes in its caption "Francesca Rude, Francesca Dougherty, Ginger Borg, Lynn Benson, Bonnie Connolly, and Manager or case mgrs., NLNGs, and HP's attorneys, et al." See Complaint at 1. Plaintiff then names Staples, Inc. as a defendant, along with "President and CEO, and Alicia Benoit, or anyone else involved." Id. The court cannot determine what role, if any, these defendants played in plaintiff's alleged injuries; and in the case of plaintiff's vague references to titles (such as "manager or case managers," "NLNGs," HP's attorneys," and "anyone else involved"), the court cannot even determine to whom these titles refer.

        Adding to the confusion is plaintiff's apparent inclusion of California, Virginia, Massachusetts, and Maryland as third-party plaintiffs. Nothing in the complaint sheds any

light on why these states were included as plaintiffs, or who represents them, as plaintiff is appearing pro se and cannot represent another individual, much less a state.[1]  Plaintiff also includes "et al." after listing these states, and after listing himself as the plaintiff, but does not explain which additional parties (if any) the "et al." refers to.  Thus, before even reaching the merits of the complaint, the court notes that the confusion surrounding the named plaintiffs and defendants makes it impossible for the complaint to provide "fair notice" of the claims being asserted and the grounds upon which they rest.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Along with the complaint, plaintiff has filed an application to proceed in forma pauperis ("IFP").  Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit.  28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

Plaintiff asserts fifteen causes of action, all related to the purchase of three laptop computers.  Five of these causes of action appear to arise under federal law, and the remainder arise under various state laws, for which plaintiff claims this court has supplemental jurisdiction.  The court will address each of the five federal causes of action to determine whether any of them state a valid claim upon which relief may be granted.

Plaintiff's third cause of action is brought under the Magnuson-Moss Warranty Act ("MMWA").  The MMWA creates a private right of action for failure to comply with a written

---

[1] Plaintiff's IFP application does mention that the California, Virginia, and Massachusetts state attorneys general "are aware" of HP's alleged "criminal acts," but still does not explain why the states were included as "third party plaintiffs."  Maryland is not mentioned in the IFP application.  The IFP application also cites to a previous case in this district, LeBlanc v. Hewlett-Packard Co. (case no. 09-0328), as raising the same claims that are presented in this lawsuit, but neither plaintiff nor the purported "third party plaintiffs" appear to have participated in LeBlanc.

2

warranty. Thus, the statute's applicability depends on the existence of a written warranty, which the MMWA defines in two ways. First, under section 2301(6)(A), a warranty is:

> any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time.

Second, under section 2301(6)(B), a warranty is "any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product." Plaintiff's complaint does not identify the specific "written affirmation of fact or written promise" required by section 2301(6)(A), nor does it identify the "undertaking in writing . . . to refund, replace, or take other remedial action" required by section 2301(6)(B). Accordingly, plaintiff's third cause of action is DISMISSED with leave to amend. Plaintiff's amended complaint must identify the "written warranty" required by MMWA, and must identify the specific defendant(s) against whom this claim is asserted.

Plaintiff's seventh cause of action is pled as "RICO 18 U.S.C. §§ 1961(4)." In general, the Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it criminal to conduct an enterprise's affairs or obtain benefits through a pattern of "racketeering activity," which is defined as behavior that violates specific federal statutes or state laws that address specified topics and bear specified penalties. Rotella v. Wood, 528 U.S. 549, 552 (2000). Section 1961 sets forth the specific "predicate acts" that may constitute "racketeering activity" for a RICO violation. 18 U.S.C. § 1961(1). A "pattern" of racketeering activity requires "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Predicate acts extending over a few weeks or months and threatening no future criminal activity do not demonstrate a pattern of racketeering activity. River City Markets, Inc. v. Fleming Foods West, Inc., 960 F.2d 1458, 1464 (9th Cir.1992) (citing H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989)).

The Act includes a private right of action "by which '[a]ny person injured in his business or property' by a RICO violation" may seek damages and the cost of the suit.

1  Rotella, 528 U.S. at 552 (quoting 18 U.S.C. 1964(c)). Thus, in order to state a claim under
2  RICO, a plaintiff must allege facts that establish a pattern of racketeering activity based on
3  a minimum of two predicate acts, a criminal enterprise in which the defendants participated,
4  and a causal relationship between the predicate acts and the harm suffered by the plaintiff.
5  See 18 U.S.C. §§ 1961-68, 2314, 2315; Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479,
6  496-97 (1985).

7      Plaintiff has not pled any such pattern of racketeering activity, and instead makes
8  only conclusory allegations of "three years of [] initiated criminal patterns and practices of
9  RICO conduct while engaging in its racketeering conduct." Complaint at 16-17. Such
10 conclusory allegations cannot serve to state a valid claim, especially when the complaint
11 does not identify the defendants that participated in the alleged criminal enterprise, and
12 thus plaintiff's seventh cause of action is DISMISSED. Plaintiff's fourteenth cause of
13 action, pled as "conspiracy under RICO," fails for the same reason and is also DISMISSED.
14 Plaintiff shall be permitted to assert one amended cause of action under RICO, which must
15 specifically allege the required "pattern of racketeering activity," and must specifically
16 identify the defendants against whom this claim is asserted.

17     Plaintiff's eighth cause of action is pled as "criminal conspiracy under 18 U.S.C.
18 § 371." The statute referenced by plaintiff provides that "[i]f two persons conspire either to
19 commit any offense against the United States, or to defraud the United States, or any
20 agency thereof . . . each shall be fined under this title or imprisoned not more than five
21 years, or both." 18 U.S.C. § 371. The statute cited by plaintiff is a criminal statute, with no
22 private right of action. See, e.g., Rapoport v. Republic of Mexico, 619 F.Supp. 1476, 1480
23 (D.D.C. 1985). Thus, plaintiff's eighth cause of action is DISMISSED with prejudice.
24 Plaintiff's twelfth cause of action is based on the same federal statute, and is thus
25 DISMISSED with prejudice for the same reason.

26     Because the court cannot yet determine whether plaintiff can state a viable claim
27 under federal law, it defers the question of whether to exercise supplemental jurisdiction
28 over plaintiff's state law claims. Under § 1367(c)(3), a district court has discretion "to

4

decline to exercise supplemental jurisdiction over" an action if it "has dismissed all claims over which it has original jurisdiction."  See also O'Connor v. Nevada, 27 F.3d 357, 362-63 (9th Cir. 1997); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (holding that a district court has discretion to decline to exercise supplemental jurisdiction over non-federal claims if it has dismissed all claims over which it had original jurisdiction). For now, the court DISMISSES plaintiff's state law claims without prejudice because it is impossible to determine if any are viable without first knowing against which defendant(s) they are asserted.  These claims may be re-pled in plaintiff's amended complaint.  However, the amended complaint must specifically identify against which defendant(s) each claim is asserted.

In addition, while plaintiff does not invoke diversity jurisdiction in his complaint, the court notes that no basis for diversity jurisdiction is apparent from the face of the complaint. Plaintiff asserts that he is a "resident of the State of Virginia," and that HP and Staples are "incorporated to conduct business" in California and Massachusetts, respectively, but does not plead the citizenship of any party.  Thus, the court cannot determine whether there is diversity of citizenship between the parties.  Nor can the court determine whether the amount in controversy requirement is met.   Plaintiff asserts fifteen causes of action, for which he claims a total of over $11 million in damages (specifically, $11,050,000). Considering that plaintiff's claims all arise out of the purchase of three laptop computers, his damages claims appear to be grossly exaggerated.  See Christensen v. Northwest Airlines, Inc., 633 F.2d 529, 530-531 (9th Cir. 1980) (courts need not accept plaintiff's damages claims if it is "clear to a legal certainty" that they are exaggerated).

In sum, plaintiff's eighth and twelfth causes of action are dismissed with prejudice. Plaintiff's remaining causes of action are dismissed without prejudice.  Plaintiff may file an amended complaint asserting federal causes of action under MMWA and RICO, provided that they comply with the pleading standards identified above, including a specific allegation of which defendants the claims are being asserted against.  Plaintiff may also include his state law causes of action in the amended complaint, so long as they

specifically identify against which defendants the claims are asserted. Plaintiff's amended complaint must be filed by November 29, 2012, and may not add any new claims or any new parties without leave of court. Because the court cannot determine whether plaintiff can state a viable claim for relief until it reviews the amended complaint, it defers a ruling on plaintiff's IFP application, and also defers a ruling on whether to exercise supplemental jurisdiction over plaintiff's state law claims.

**IT IS SO ORDERED.**

Dated: November 1, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge