Ross A. Fiorani,
7115 Latour Court
Kingstowne, VA. 22315
(703) 719-0272 Home-
valegal53@gmail.com
   Plaintiffs, *Et. al.*



# IN THE
## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

Ross A. Fiorani,
   Plaintiffs, *Et. al.*

v.                                              :    Civil Case No.:  12-cv-01240-JST

Hewlett Packard, Corp., *Et al.*,
   Defendants, *Et. al.*

### PLAINTIFF'S COMPLIANCE WITH COURT'S ORDERED
### CASE MANAGEMENT STATEMENT TO THE COURT

PURSUANT TO this Court's Order, Plaintiff(s) Fiorani is replying to this Court's Order entered on March 15, 2013. However, Plaintiff(s) Fiorani dispute this Court's claim made in this Order that Plaintiff Fiorani, ("The parties failed to comply with that Order."), 'intentionally and knowingly' failed to comply with this Court's order entered on February 12, 2013, for these reasons stated herein below:

1. <u>Jurisdiction and Service Venue:</u>  This Court has exclusive jurisdiction and venue pursuant to Title 28 U.S.C. §§ 1331, 1332, and § 1391(a), (d), *et seq.*.

2. <u>Facts:</u>  Before September 2009 to this present date, defendant Hewlett Packard, et al. had manufactured as a warrantor of at least three 'defective' laptops. Those defective dozens of laptops, (dv7-1451NRs) were sold to co-defendants, Staples, Inc. Thus, in and after September, 2009 to this present date, Plaintiff Fiorani was approved to exchange those 3-defective laptops for the correct(ed) laptops, HP model 8760-W workstations, (Exh. Attached). Pursuant to the Magnuson-Moss Warranty Act Sections 15 U.S.C. §§ 2301-2310, et seq., "requires warrantors or co-

        warrantors, under the "MMWA codes", to replace or totally refund to any consumer, at the consumer's choice, for that defective product." For more than 40-months, HP and Staples have totally ignored, failed to comply with, and have knowingly and intentionally refused to comply with both Federal Law(s) and California's State Laws, under the Consumer Protection Acts and Beverly Act.

3. <u>Legal Issues:</u> This Court has not ordered services of process under the 28 U.S.C. § 1915(a) to have Marshals serve defendants, HP and Staples, et al., has never been done, despite the third-judge's being assigned to this case since February 2, 2012. Plaintiff has directed defendants be served by U.S. Marshals under 1915(a), *et seq.*. However, HP and Staples defendants have never replied to, appeared, nor answered any district court and plaintiff, any answers to any of those copies of the complaints –ordered to be sent to defendants by two District Court clerks and the Ninth Circuit's Order on Appeal of 2012-2013.

4. <u>Motions:</u> No pending motions are open at this time. But, Plaintiff has told both district courts to repeatedly order defendants by Marshals forthwith and TO GRANT IFP, pursuant to 1915(a), *Et seq*.

5. <u>Amendment of Pleadings:</u> Plaintiff Fiorani has complied with the Amendments of the Pleadings in compliance with the district court's Order. However, that district judge's Order to amend the pleadings has Plaintiff remove specific facts and thereby intended to cause Plaintiff to defeat his many legal remedies he is entitled to under many Federal and State's consumer protection laws, Acts, and Codes, enumerated against all warrantors who have violated all parts of the MMWA, (Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 - 2310, *et seq.*).

6. <u>Evidence Preservation:</u> Defendants have not made any contacts with Plaintiff over more than 36-months, after October 1, 2009 to this present date. Thus, this section is not relevant.

7. <u>Disclosures:</u> This section does not apply at this time.

8. <u>Discovery:</u> This section does not apply at this time.

9. <u>Class Actions:</u> This currently single civil case is a followup to the prior 2009 class action suit, *In re.*, <u>Hewlett Packard, Et al.,</u> 09-0328-JW, (USDC-NDCA, 2009); filed against Hewlett Packard, that held HP financially and punitively liable and fully responsible under the Second Circuit's 2009 holding in <u>Iona v. United States</u>, (citation omitted) (2nd Cir. 2009).

10. <u>Related Cases:</u> See Section 9, above.

11. <u>Relief:</u>   Plaintiff(s) Fiorani demand all forms of relief as stated in the original and amended complaint, which includes, but is not limited to Plaintiff's lawful demand for this Court to issue a **Rule 64(a) and/or (b)**, pursuant to the <u>Federal Rules of Civil Procedure</u>, as enacted by Congress for the seizure of all assets and property of the defendant at its Headquarters, San Jose, California, or its local site at 6600 Rockledge Drive, Bethesda, MD., 20817, three-non-defective 8760-W workstations as was to had been exchanged and replaced to Plaintiff Fiorani.

12. <u>Settlement and ADR:</u>   No settlements nor ADRs were initiated nor Ordered by a district court that was to be carried out against defendants, HP and Staples, *et seq*.

13. <u>Consent to Magistrate Judge For All Purposes:</u>   At this time no Orders have been issued by this Court to request consent of a Magistrate Judge.

14. <u>Other References:</u>   This section is not currently relevant to this case's status.

15. <u>Narrowing of Issues:</u>   Plaintiff Fiorani has factually set forth in the original and amended complaint all specific issues, damages, and criminal acts committed by the defendants, HP and Staples, and their agents, attorneys, managers, directors, and all regional directors who were presented with facts of law under the many sections of the MMWA, RICO, Conspiracy, and both Federal and State's consumer protection laws, enumerated within Plaintiff's filed complaint(s) on February 2, 2012.

16. <u>Expedited Trial Procedure:</u>   Plaintiff Fiorani and the half-dozen States Attorney Generals believe that pursuant to the previous ruling and decision(s) against HP in the 2009 civil case, whereby these facts are very similar to, and exactly the same 'criminal', 'civil', and 'consumer protection acts', violations of the MMWA, demand that this Court can issue judgment fully on HP's prior intentional and knowingly refusing to comply with [all sections of] MMWA and all damages incurred by the plaintiff(s) Fiorani, with compensatory, equitable and restitutional, damages in the amount of, not less than, $400,000.00, and $600,000.00, punitive damages.

17. <u>Scheduling:</u>   This section does not currently apply to this case.

18. <u>Trial:</u>   If this case is sent to a trial, Plaintiff Fiorani demands trial by jury. But, on the many available facts and enumerated laws under MMWA, FTC's Act, RICO, and the *Song-Beverly Act*, of California, this Court must issue an Order to HP et al to promptly settle this case as enumerated under Rule 64 of the Federal Rules of Civil Procedure. Over at least 36-months, defendants have repeatedly refused,

Page -2-

ignored, and deliberately failed to comply with all prior filed, served, and mailed out complaints to those defendants, et al..

19. <u>Disclosure of Non-Party Interested Entities or Persons:</u>  Plaintiffs' Fiorani is/are not aware of nor knowledgeable of any other Non-Party Interested Entities or Persons, since all named and unnamed defendants are aware of and fully knowledgeable of their parts in committing many criminal, civil, consumer protection, and FTC and MMWA Acts, from in to after 2009 to this date, 2013.

20. Plaintiffs, (which includes those half-dozen States Attorney Generals from the HP case, <u>09-0328-JW, USDC-NDCA</u>), and Fiorani have facts that demand this district court issue FORTHWITH, its Order to U.S. Marshals to seize and collect from HP and Staples, Inc., **UNDER RULE 64**, jointly or separately, all 8760-W Workstations, as enumerated property damages and as set forth in the original complaint and amended complaint, as set forth in an amount of $400,000, compensatory, restitutional, and equitable damages of 4-years; and, $600,000 in punitive damages as HP's knowingly intentional, deliberately willful failures to comply with and abide by the FTC Act, MMW Act, and its agents purposeful engaging in a criminal conspiracy under RICO's several sections, as enacted by Congress and upheld by the United States Supreme Court's prior holdings, opinions, and rulings.

Wherefore, Plaintiff Fiorani, et al., asks for this to be initiated by this Court to be adverse to defendants, HP and Staples, et al., since in and after September 2009 to this present date of this Court's March 15th Order.

Respectfully Submitted,

*[signature]*
Ross A. Fiorani,
Plaintiffs, *Et al.*,
7115 Latour Court
Kingstowne, VA  22315
(703) 719-0272
valegal53@gmail.com