USA FIRST-CLASS FOREVER

USA FIRST-CLASS FOREVER

...he Clerk, Mr. Noble
...Court, NDCA
...n Gate Avenue
...co, CA 94102

RECEIVED

JUN 28 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Ross Ferrari
7115 LATOUR CT.
KINGSTOWNE, VA. 22315

Office of t
U.S. District
450 Golde
San Francisc

12-CV-1240-JST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSS A FIORANI,
Plaintiff,
v.
HEWLETT-PACKARD CORP, et al.,
Defendants.

Case No. 12-cv-01240-JST

**CLERK'S NOTICE VACATING CASE MANAGEMENT CONFERENCE**

**YOU ARE NOTIFIED THAT** the Case Management Conference currently set for April 9, 2013 at 2:00 P.M. before the Honorable Jon S. Tigar is VACATED.

Dated: April 9, 2013

Richard W. Wieking
Clerk, United States District Court

By: [signature]
William Noble, Deputy Clerk to the Honorable Jon S. Tigar
415-522-2036

This is being sent to you because of the Judicial misconduct exposed under 18 USC §4 & §1512 - Showing Judge Tigar has not served all defendants - adverse to §4. Ross Fioran

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROSS A FIORANI,

Plaintiff,

v.

HEWLETT-PACKARD CORP, et al.,

Defendants.
_______________________________________/

Case Number: CV12-01240 JST

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 9, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ross A Fiorani
7115 Latour Court
Kingstowne, VA 22315

Dated: April 9, 2013

Richard W. Wieking, Clerk

By: William Noble, Deputy Clerk

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

**No. 13-2444**

Fiorani v. Hewlett Packard Corp
(D. Del. No. 1-13-cv-00121)

To: Clerk

1) Motion by Appellant for leave to appeal in forma pauperis

---

The foregoing motion to proceed in forma pauperis is granted.

For the Court,

/s/ Marcia M. Waldron
Clerk

Dated: June 5, 2013
JK/cc: Ross A. Fiorani

## Second Circuit Upholds Vicarious Corporate Criminal Liability

January 27, 2009

On January 20, 2009, the Second Circuit issued its decision in United States v. Ionia Management S.A. upholding the longstanding rule that a corporation may be held vicariously liable for the activities of a rogue employee, even where the company maintains a strict corporate policy and compliance program prohibiting such activities.

In Ionia, a ship management company, was convicted by a jury in the United States District Court for the District of Connecticut for violating the Act to Prevent Pollution on Ships by failing to ensure accurate oil record books. Central to the conviction was the court's jury instruction, which provided **that Ionia could be held criminally liable for the acts of its employees, so long as the act was performed within the scope of their employment, even if the act was not specifically authorized**. The defendant subsequently appealed its conviction, arguing, among other things, that the jury instruction on **vicarious liability** was erroneous.

In support of Ionia's appeal, a group of defense lawyers argued [that] the current view of *corporate criminal liability*, which may arise from fraudulent acts of individual employees, evolved from the misinterpretation of prior Supreme Court precedent. The group further contended that the current application of corporate liability in criminal cases does not comport with recent, analogous Supreme Court decisions that have restricted the use of such *vicarious corporate liability*. The group pointed out that the Supreme Court has narrowed the applicability of corporate liability in civil sexual harassment cases brought under Title VII, specifically by (1) limiting liability to the acts of supervisors, and, (2) permitting the employer to an affirmative defense if it has reasonable policies to deter the offending conduct. The group's brief argued that similar limitations should apply in the corporate criminal liability context.

Additionally, the group sought to persuade the Court that adopting such limitations in corporate criminal prosecutions is consistent with the main objectives of criminal law– deterrence and punishment. In support of that argument, they noted that a corporation is not morally culpable for the criminal conduct of an employee where it has done everything possible to prevent such criminal conduct, such as enforcing a comprehensive compliance policy. Moreover, the current rule effectively disincentizes corporations from doing what is necessary to expose the wrongful conduct because of the risk that unearthing such conduct may lead to the company's own liability.

Despite these arguments, *the Second Circuit affirmed defendant's conviction finding that the broad application of corporate criminal liability for acts committed by an employee is consistent with long-established precedent*. The Court found that precedent allows the extension of corporate criminal liability for acts of all employees, not just management. Further, the Court refused "to adopt the suggestion **that the prosecution, in order to establish vicarious liability**, should have to prove as a separate element in its case-in-chief that the corporation lacked effective policies and procedures to deter and detect criminal actions by its employees."

The Ionia decision confirms that courts will, at least in the near future, **continue to impose principles of vicarious corporate criminal liability**, even where the criminal conduct was committed by low-level employees. Furthermore, the Ionia decision represents *a major setback for corporate counsel and defense lawyers seeking to limit liability of corporations facing criminal prosecution based on the acts of individual employees*. Any limitations **to corporate criminal liability** may require Congressional action, which is likely improbable in light of the corporate and financial frauds currently filling the headlines.

To (email):
From (name):
Message:

Related People

Marc L. Mukasey
Phone: 212.508.6134
Email: marc.mukasey@bgllp.com

Andrew K. Rafalaf
Phone: 212.508.6176
Email: andrew.rafalaf@bgllp.com

Key Focus
White Collar Criminal Defense

Related Practices
Criminal Trials

and show that a violation did not occur or execute an assurance of voluntary compliance, as provided in § 59.1-202.

C. The circuit courts are authorized to issue temporary or permanent injunctions to restrain and prevent violations of § 59.1-200.

D. The Commissioner of the Department of Agriculture and Consumer Services, or his duly authorized representative, shall have the power to inquire into possible violations of § 59.1-200, and, if necessary, to request, but not to require, an appropriate legal official to bring an action to enjoin such violation. (1977, c. 635; 1982, c. 13; 1988, c. 485.)

**§ 59.1-204. Individual action for damages or penalty.** — A. Any person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover actual damages, or $500, whichever is greater. If the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding three times the actual damages sustained, or $1,000, whichever is greater.

B. Notwithstanding any other provision of law to the contrary, in addition to any damages awarded, such person also may be awarded reasonable attorney's fees and court costs. (1977, c. 635; 1995, cc. 703, 726.)

**Must allege loss to state claim under act.** — A plaintiff could not recover on a claim that an automobile dealer charged him an unlawfully excessive ten percent fee for late payments where it was undisputed that the plaintiff never made a late payment and therefore never paid the excessive ten percent late fee that he argued constituted the violation of the act. Polk v. Crown Auto, Inc., 228 F.3d 541 (4th Cir. 2000).

**Failure to prove loss resulting from violation.** — A borrower had not shown that she suffered a loss as a result of a lender's violation of the act and, therefore, was not entitled to initiate an action for damages under this provision where, although the borrower did pay in excess of the amount allowed by statute in late charges, the lender had reimbursed her for the excess late fees, plus interest. Alston v. Crown Auto, Inc., 224 F.3d 332 (4th Cir. 2000).

**Where lender's charge of broker's fee for placing loan with its president** was, at the least, a "technical" wrong and where the Federal Consumer Credit Protection Act had nothing to do with the type of wrongful conduct engaged in by the lender, an award of attorney's fees was proper. Valley Acceptance Corp. v. Glasby, 230 Va. 422, 337 S.E.2d 291 (1985).

**Applied** in In re Fravel, 143 Bankr. 1001 (Bankr. E.D. Va. 1992); Holmes v. LG Marion Corp., 258 Va. 473, 521 S.E.2d 528 (1999).

**§ 59.1-204.1. Tolling of limitation.** — A. Any individual action pursuant to § 59.1-204 for which the right to bring such action first accrues on or after July 1, 1995, shall be commenced within two years after such accrual. The cause of action shall accrue as provided in § 8.01-230.

B. When any of the authorized government agencies files suit under this chapter, the time during which such governmental suit and all appeals therefrom is pending shall not be counted as any part of the period within which an action under § 59.1-204 shall be brought. (1988, c. 241; 1995, cc. 703, 726.)

**§ 59.1-205. Additional relief.** — The circuit court may make such additional orders or decrees as may be necessary to restore to any identifiable person any money or property, real, personal, or mixed, tangible or intangible, which may have been acquired from such person by means of any act or practice declared to be unlawful in § 59.1-200, provided, that such person shall be identified by order of the court within 180 days from the date of the order permanently enjoining the unlawful act or practice. (1977, c. 635.)

**§ 59.1-206. Civil penalties; attorney's fees.** — A. In any action brought under this chapter, if the court finds that a person has willfully engaged in an

PLAINTIFF'S EXHIBIT

VA Code § 18.2-498.3 :: 18.2-498.3 Misrepresentations prohibited ::... http://law.justia.com/codes/virginia/2011/title18-2/chapter12/18-2-4...
Case3:12-cv-01240-JST Document40 Filed06/28/13 Page9 of 12

Justia.com Lawyer Directory Legal Answers **Law** more ▼ Sign In

Justia US Law .com in --- 2011 Virginia Codes Search

Justia > US Law > US Codes and Statutes > Code of Virginia > 2011 Code of Virginia > Title 18.2 CRIMES AND OFFENSES GENERALLY. > Chapter 12 Miscellaneous (18.2-493 thru 18.2-511.1) > 18.2-498.3 Misrepresentations prohibited

View Previous Versions of the Code of Virginia

# 2011 Code of Virginia
# Title 18.2 CRIMES AND OFFENSES GENERALLY.
# Chapter 12 Miscellaneous (18.2-493 thru 18.2-511.1)
# 18.2-498.3 Misrepresentations prohibited

Share | Tweet Like 0

**Universal Citation:** VA Code § 18.2-498.3 (2001 through Reg Session)

18.2-498.3. Misrepresentations prohibited.

Any person, in any commercial dealing in any matter within the jurisdiction of any department or agency of the Commonwealth of Virginia, or any local government within the Commonwealth or any department or agency thereof, who knowingly falsifies, conceals, misleads, or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be guilty of a Class 6 felony.

(1980, c. 472.)

**Disclaimer:** These codes may not be the most recent version. Virginia may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

1 of 3 6/13/2013 4:44 PM

VA Code § 18.2-499 :: 18.2-499 Combinations to injure others in thei... http://law.justia.com/codes/virginia/2011/title18-2/chapter12/18-2-499/
Case3:12-cv-01240-JST Document40 Filed06/28/13 Page10 of 12

Justia.com Lawyer Directory Legal Answers **Law** more ▼ Sign In

Justia US Law .com

in --- 2011 Virginia Codes Search

Justia > US Law > US Codes and Statutes > Code of Virginia > 2011 Code of Virginia > Title 18.2 CRIMES AND OFFENSES GENERALLY. > Chapter 12 Miscellaneous (18.2-493 thru 18.2-511.1) > 18.2-499 Combinations to injure others in their reputation, trade, business or profession; rights of employe...

View Previous Versions of the Code of Virginia

# 2011 Code of Virginia
# Title 18.2 CRIMES AND OFFENSES GENERALLY.
# Chapter 12 Miscellaneous (18.2-493 thru 18.2-511.1)
# 18.2-499 Combinations to injure others in their reputation, trade, business or profession; rights of employe...

Share | Tweet Like 0

**Universal Citation:** VA Code § 18.2-499 (2001 through Reg Session)

18.2-499. Combinations to injure others in their reputation, trade, business or profession; rights of employees.

A. Any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever or (ii) willfully and maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act, shall be jointly and severally guilty of a Class 1 misdemeanor. Such punishment shall be in addition to any civil relief recoverable under 18.2-500.

B. Any person who attempts to procure the participation, cooperation, agreement or other assistance of any one or more persons to enter into any combination, association, agreement, mutual understanding or concert prohibited in subsection A of this section shall be guilty of a violation of this section and subject to the same penalties set out in subsection A.

C. This section shall not affect the right of employees lawfully to organize and bargain concerning wages and conditions of employment, and take other steps to protect their rights as provided under state and federal laws.

(Code 1950, 18.1-74.1:1; 1964, c. 623; 1972, c. 469; 1975, cc. 14, 15; 1994, c. 534.)

**Disclaimer:** These codes may not be the most recent version. Virginia may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

1 of 3 6/13/2013 4:41 PM

VA Code § 18.2-460 :: 18.2-460 Obstructing justice; penalty :: 2011... http://law.justia.com/codes/virginia/2011/title18-2/chapter10/18-2-460/
Case3:12-cv-01240-JST Document40 Filed06/28/13 Page11 of 12

Justia.com Lawyer Directory Legal Answers **Law** more ▼ Sign In

Justia US Law .com in --- 2011 Virginia Codes Search

Justia > US Law > US Codes and Statutes > Code of Virginia > 2011 Code of Virginia > Title 18.2 CRIMES AND OFFENSES GENERALLY. > Chapter 10 Crimes Against the Administration of Justice (18.2-434 thru 18.2-480.1) > 18.2-460 Obstructing justice; penalty

View Previous Versions of the Code of Virginia

## 2011 Code of Virginia
## Title 18.2 CRIMES AND OFFENSES GENERALLY.
## Chapter 10 Crimes Against the Administration of Justice (18.2-434 thru 18.2-480.1)
## 18.2-460 Obstructing justice; penalty

Share | Tweet Like 0

**Universal Citation:** VA Code § 18.2-460 (2001 through Reg Session)

18.2-460. Obstructing justice; penalty.

A. If any person without just cause knowingly obstructs a judge, magistrate, justice, juror, attorney for the Commonwealth, witness, any law-enforcement officer, or animal control officer employed pursuant to 3.2-6555 in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such judge, magistrate, justice, juror, attorney for the Commonwealth, witness, law-enforcement officer, or animal control officer employed pursuant to 3.2-6555, he shall be guilty of a Class 1 misdemeanor.

B. Except as provided in subsection C, any person who, by threats or force, knowingly attempts to intimidate or impede a judge, magistrate, justice, juror, attorney for the Commonwealth, witness, any law-enforcement officer, or an animal control officer employed pursuant to 3.2-6555 lawfully engaged in his duties as such, or to obstruct or impede the administration of justice in any court, is guilty of a Class 1 misdemeanor.

C. If any person by threats of bodily harm or force knowingly attempts to intimidate or impede a judge, magistrate, justice, juror, attorney for the Commonwealth, witness, any law-enforcement officer, lawfully engaged in the discharge of his duty, or to obstruct or impede the administration of justice in any court relating to a violation of or conspiracy to violate 18.2-248 or subdivision (a) (3), (b) or (c) of 18.2-248.1, or 18.2-46.2 or 18.2-46.3, or relating to the violation of or conspiracy to violate any violent felony offense listed in subsection C of 17.1-805, he shall be guilty of a Class 5 felony.

D. Any person who knowingly and willfully makes any materially false statement or representation to a law-enforcement officer or an animal control officer employed pursuant to 3.2-6555 who is in the course of conducting an investigation of a crime by another is guilty of a Class 1 misdemeanor.

(Code 1950, 18.1-310; 1960, c. 358; 1975, cc. 14, 15; 1976, c. 269; 1984, c. 571; 1989, c. 506; 1993, c. 747; 1996, c. 718; 1999, cc. 770, 800; 2002, cc. 527, 810, 818; 2003, cc. 111, 149; 2004, cc. 396, 435; 2007, cc. 220, 282; 2009, c. 242.)

**Disclaimer:** These codes may not be the most recent version. Virginia may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

1 of 3 6/13/2013 4:38 PM

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

**No. 13-2444**

Fiorani v. Hewlett Packard Corp
(D. Del. No. 1-13-cv-00121)

To: Clerk

1) Motion by Appellant for leave to appeal in forma pauperis

---

The foregoing motion to proceed in forma pauperis is granted.

For the Court,

/s/ Marcia M. Waldron
Clerk

Dated: June 5, 2013
JK/cc: Ross A. Fiorani