FILED
DEC 19 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE
UNITED STATES DISTRICT COURT
for the NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

Ross A. Fiorani, Plaintiff, Pro-Se
7115 Latour Court
Kingstowne, VA. 22315
Appellant Pro-Se

v.

Hewlett Packard, Corp., *Et al.*,
3000 Hanover Street, Bldg. 6A
San Jose, CA. 94304
and,
Francesca Rude, Francesca Dougherty, Ginger Borg, Lynn Benson, Bonnie Connolly, and Managers, case mangers and attorneys, Et. Al.
and,
Staples, Inc., *Et al.*,
500 Staples Drive
Framingham, MA. 01702
President, CEO, and
Alicia Beloit, Et. al..
Appellees, Defendants, Et al.

CIVIL No.: 12-01240-JST

Appeal No. 13-17395

PLAINTIFF'S REPLY AND OBJECTION TO COURT'S ORDER TO SHOW CAUSE

Plaintiff, Ross Fiorani, *prose,* submits his Reply and Objection to this Court's Order to Show Cause on the district court's Order entered on November 9, 2013, that unlawfully has and unconstitutionally denied Plaintiff Fiorani's *In Forma Pauperis,* (hereafter, "IFP"), totally adverse to and contrary of Congress' intended purposes for Title 28 U.S.C. § 1915(a) that is to provide a *pro se* Plaintiff to file his complaint without any prepayment of any fee and giving security as stated in the Statute. No court is to violate a *pro-se* plaintiff's Due

Process and Equal Protection of the Laws, as protected by the 14th Amendment in the U.S. Constitution.

## I. PLAINTIFF'S AUTHORIZED CAUSES OF ACTIONS AGAINST DEFENDANTS

Plaintiff Fiorani appeals to the Ninth Circuit on the district court's nearly four (4) year old orders that have continued to illegally deny, prohibit, delay and refused to serve pursuant to § 1915(a), by U.S. Marshals to all named defendants on Plaintiff's four-year old Federal and States' criminal, civil and consumer protection violations. That complaint consists of: MMWA, FTC Act, RICO Act and both State and Federal (criminal) conspiracy in the consumer complaint is filed against those named defendants, Hewlett Packard, (hereafter, "HP"), and Staples, Inc., (hereafter, "Staples"), on their illegally engaged in-con -certed activities that violated the State of California's *Song-Beverly Act*, and the Federal Trade Commission's Act, (hereafter, "FTC"), consisting of HP's decades of violations[1] of the *Magnuson-Moss Warranty Act*, 15 U.S.C. § 2301 to § 2310, *et seq*., which does include these Federal Statute, *Sherman Antitrust Act*, 15 U.S.C. § 1, and the RICO Act, 18 U.S.C. § 1961, § 1962(c), and § 1964(c), that prohibits any company's combined in concert, illegal acts of committing a criminal conspiracy among other illegal conduct that directly or indirectly interferes with hindering, preventing, and prohibits any intrastate or interstate commerce.

Plaintiff Fiorani got his help from about five (5) other States' Attorney Generals

---

[1]. Nine (9) classaction suit(s) were filed against HP, and many others regarding HP's intentionally manufacturing and thereafter, knowingly selling, distributing, and having Staples, Inc., being one of HP's primary retailers, pursuant to Title 15 U.S.C. §§ 2301-2310 and 18 U.S.C. § 1961, *et seq*..

who were directly involved in the 2009 class-action suit, [USDC-NDCA, San Jose, LeBlanc v. Hewlett Packard, *et al.*, 09-cv-0328-JW]. Those same States Attorney Generals from a number of States were primarily involved and joined to be with the California State's Attorney General and its Consumer Protection Division, (hereafter, "CPD"), before 2009 to this present date, December 2013, were interacting by telephone and email with Fiorani assisting him on this major civil-action suit that was refiled against HP and Staples, and their respective defendants, listed in that 2009 civil suit (09-0328-JW, *in re.*, HP, et al.).

## II. PRIOR CORRUPTION, BRIBERY, BIASES, PREJUDICES AND KNOWN FAVORITISM IN UNITED STATES DISTRICT COURT, EDVA, ALEXANDRIA.

By October 2009, Plaintiff Fiorani was preparing his civil suit to be filed against HP and Staples, after those same States Attorneys were just finishing up with their prior class-action suits against Hewlett Packard's prior criminal acts and illegal conduct committed against more than 200,000 class-plaintiffs, pursuant to Magnuson-Moss Warranty Act, conspiracy and violations of other States' consumer protection laws, as outlined in the first class-action suit. After many attempts by Plaintiff Fiorani and those States Attorneys trying attempts to negotiate an immediate settlement pursuant to 15 U.S.C. § 2301-§ 2310, those Consumer Protection staff, managers, the FTC, and several States Attorneys' failures to obtain any resolutions of Fiorani's new factual information of conspiracy, RICO, fraud, and many MMWA violations being committed by HP's primary case managers, agents, and Ms. Alicia Benoit, (acting on behalf of HP), Fiorani was left no other avenues except to file a civil suit as allowed and provided by all enumerated Federal and States' laws, codes, acts, and statutes.

Fiorani's first legitimate civil suit was filed on February 2010, in the United States District Court, Northern District Court, San Jose, California, against Hewlett Packard, et al. This civil case was repeatedly mishandled by many clerks in those courts over nearly four-years, since the first filing of this case in U.S. District Judge Lloyd's court. He ordered the clerk to file the case and have defendants served with the complaint by U.S. Marshal. Whereon U.S. District Judge Lloyd ***GRANTED*** Plaintiff Fiorani's IFP. However, without any known legal reasons the district judge was removed and the civil suit was relocated to another U.S. District Court and a new judge, Patricia Harris, in the Oakland Division of NDCA.

Over about 15-months, Judge Harris mishandled that case on a number of areas of judicial misconduct by violations of Fiorani's Due Process Rights, Equal Protection of the Laws, and her abuses of her powers or authority by causing the case to be delayed again, now amounting to more than two-years. Her judicial misconduct resulted in the case being appealed to the Ninth Circuit on the judge's 'abuses of discretion', (her powers and authority), pursuant to the Ninth Circuit's decision and Order of reversal.

The Ninth Circuit remanded the case back to the district court on the judge's failure to properly issue a written order from which Appellant Fiorani was never given a[ny] chance to dispute and challenge the district court's improper denial of his IFP[2].

---

[2]. Prior to the filing of this IFP, Fiorani's prior IFPs were quickly **GRANTED** and his civil suit was thereafter, ordered to be filed in that Court and U.S. Marshals were directed to serve all defendants pursuant to 28 U.S.C. § 1915(a) et seq.. Accordingly, **on these new, added facts and direct circumstances, Fiorani and a number of FTC attorneys, States Attorneys offices and Consumer Protection Division staff have all found that the USDC-NDCA Judges are doing all they can to keep any suits from being filed against Hewlett Packard and Staples, et al..**

## III. BACKGROUND

However, before, in, to after 2000, Plaintiff Fiorani was targeted by the Ford Motor Company and one of its criminal Ford dealers, Crystal Ford, LTD., operating in Maryland. Fiorani was attempting to purchase a car from that dealer in December 1997. But, before that date, Crystal Ford was found guilty in the U.S. District Court, Northern District of Maryland for violating several Federal criminal Statutes and for knowingly violating many Federal Trade Commission Acts. Crystal Ford was under an ongoing Federal Court period that was to not to commit any new 'criminal act' or 'violate any FTC Acts' involving the sales of cars.

In December 1997, Fiorani learned of that form of federal probation of Crystal Ford It was discovered that Crystal Ford had continued to violate more FTC Acts in the selling of new/used cars. Fiorani reported that violations to the FTC and State of Maryland AG's office and its CPD for Montgomery County. The two District Courts in Maryland and Virginia condoned Crystal's many telephone threats of bodily harm or direct injury to Fiorani's person and Minard's telephone harassment calls from Crystal Ford, as 'Director of New Car Sales'. See. (Md. Code 13-301 and Va. 59.1-200(a)(1) to (14)).

In violations of Fiorani's Constitutional Protections under his Due Process Rights and Equal Protection of Laws under the 14th Amendment by District Judge Albert Bryant. Bryant was bribed and paid in his chambers by Ford Motor Company's and Crystal Ford's owner, who was named in the 1990 FTC criminal indictment for crimes committed in the selling of new/used cars, to keep Fiorani from pursing his civil claims against Ford in 1997.

As a basis of further criminal retaliations against Fiorani, personally, financially, and to his family, the dealer manufactured and concocted false legal claims against Fiorani that was later proven to be deliberately untrue, intentionally fabricated by Minard, manufactured contrary to 18 U.S.C. § 1512 and § 1513, (threatening, coercing, and intimidating a witness in a federal criminal case.

Subsequently, without any chances of Fiorani to dispute it, challenge it, corrupted District Judge Albert Bryant of the Eastern District of Virginia, Alexandria District in 2000 issued an illegal, unconstitutional Order equally lacking in form of Due Process and Equal Protection of the Laws. That fabricated Order was contrary to Federal Statutes that are to protect a witness who is to testify against any person in a criminal case that was filed by FTC against Ford Motor Company and Crystal Ford. Indeed, after Judge Bryant was removed as District Judge because of his prior years of judicial corruption, bribery, and dozens of violations of his judicial position, despite Bryant's decades of his own criminal acts as a Federal judge, a corrupted, misguided Court was named for Bryant's decades of corruption by bribery, judicial biases, prejudices and favoritism, against all rules of law in favor toward defendants who pay him money or give him other financial incentives to rule in the defendant's favor. See. (Washington Post, Times, and Court News Files before and to 2000).

## A. POST 2000, OF ELLIS' FABRICATED UNCONSTITUTIONAL ORDER

It is on those prior years' and past decades of published facts around that District Court, Eastern District of Virginia, Alexandria Division, that district judge T.S. Ellis, III,

has taken up his judicial misconduct of corrupt causes, grounded on judicial biases, prejudicial favoritism by Judge Ellis after 2010[3]. And, both Bryant and Ellis were known to be totally corrupted by financial payments made to them by known defense attorneys, who were then defending large financial defendants, (companies) being sued by injured plaintiffs for particular defendant's engagement in various criminal, civil, consumer protection among other Torts, Contracts, Agency, Employment, or other legal claims addressed in a civil suit.

Before 2000, Judge Bryant was publicized around the Federal Courthouse to be able to take a bribe, seek financial 'under the table' payments to render decisions against any civil Plaintiff. Judge Bryant also had his future collaborators who also protected lucrative defendants being sued by Torts, Contracts and Employment Laws, and Plaintiffs who were knowingly harmed, injured and damaged plaintiffs. Judge Bryant's collaborator was after 2000, Judge T.S. Ellis.

Facts gathered after 2000 relating to district judge Ellis' judicial corruption, taking a bribe(s) while that judge does intentionally abuse their sworn judicial oaths, [28 U.S.C. § 455(a)] refusing to follow a Circuit Court and Supreme Court decisions and Rules of Laws that is/are adverse and contrary to the 'bribe' accepted by Judge Ellis and Bryant from that defendant, Crystal Ford, LTD. Thus, from 2000 to this present date, our Constitution

---

[3]. In August 2010, corrupt(ed) Judge Ellis violated Fiorani's legitimately filed civil case against Chrysler Corp., that was filed in the United States District Court, Middle District of Pennsylvania, Harrisburg Division. (10-0880). Judge Ellis abused his powers and authority by blocking, hindering, and interfering with Fiorani's IFP, which was **GRANTED** by the Third Circuit, which overruled Judge Ellis' corrupted acts and judicial misconduct. See. *In re.,*

prevents and allows a Plaintiff from complying with an illegal and unconstitutional Order where that Order does intentionally violate a plaintiff's Constitutional protections established by the 14th Amend-ment's Due Process Clause, Equal Protection of the Laws, and a plaintiff's entitlement to file a 'pro-se' complaint where all courts have failed, ignored, disregarded, and refused to appoint civil counsel to aid, assist, and collaborate with a pro-se Plaintiff in a civil suit.

Specifically, taken from a Judge Ellis' hearing transcript showed that two attorneys, one being a AUSA and the other being a court appointed defense attorney was ORDERED to appear before Judge Ellis. All other parties, defendants and plaintiffs, appeared, except (shown in the court's transcripts), for the two attorneys. Judge Ellis refused to take any judicial action against both attorneys, despite Judge Ellis' court order to those attorneys to appear before his court. (USDC-EDVA, Ct. Tr. Jan. 29, 1998, Fiorani v. Crystal Ford.).

**B. ELLIS' RAISED IRRELEVANT 2000 ORDER IGNORED BY MANY DISTRICT AND CIRCUIT COURTS ARE VIOLATIONS OF DUE PROCESS.**

After January 2012, Fiorani's civil suit was moved a third time from the USDC- Oak-land Division to the San Francisco Division, where it was given to Judge Tigar. Since then, now covering nearly four years, (2009-2013), Fiorani's legitimate civil case on many prior years of Hewlett Packard's violations of that Federal Court's own Order –'**NOT VIOLATE ANY OF THE MMWA OR ANY OTHER LAWS. . .,**' are constantly discounted, ignored and disregarded by all three of this Federal District Court's judges, demonstrating that in this repeated civil case(s) against HP, Judge Tigar has shown a clear pattern of judicial mis -conduct of biases, prejudices, and favoritism whenever any civil case appears against HP

direct refusal to comply with any provisions or sections of the Federal Statute, Magnuson-Moss Warranty Act, RICO Act, FTC Act, Sherman Antitrust Act and at least a dozen other violations of those prior 2009 State's consumer protection, criminal and civil acts under Torts.

Separately, in this present case, Judge Tigar has continued to endorse by his Orders denying Fiorani his entitled IFP was ***REPEATEDLY GRANTED BY OTHER CIRCUIT COURTS***, opposite of each NDCA, MDPA, and DDE judge's denial Orders and abeyances of Fiorani's IFP, further denies Plaintiff his Constitutionally protected Right(s) to have his claims judicially addressed by an unbiased, unprejudicial, and impartial district court of his various claims stated in his 2012 complaint against a –repeater of dozens of civil, consumer protection acts, and Federal consumer protection laws of MMWA, *inter alia,* related claims and causes of action against HP.

## IV. PLAINTIFF'S FACTS TO REVERSE SHOW CAUSE ORDER AND GRANT IFP.

Whenever a district judge abuses his judicial oath, that keeps a plaintiff's civil suit from being timely filed, served, and orders to serve the defendants, are contrary to the United States Constitution's 14th Amendment's Due Process, Equal Protection of the Laws committed by Judge Tigar. See Lyon v. Chase Bank USA, N.A., 656 F.3d 877 (9th Cir. 2011). See also, IBM Corp. v. Edelstein, 526 F.2d 37 (2nd Cir. 1975)('Writ issued to bar trial judge from requiring that all papers be delivered to chambers instead of being filed with the clerk of the court'.). Judge Tigar continued to abuse his judicial oath when he committed misconduct against all plaintiffs who had to sue HP to recover all forms of civil, criminal

damages that those plaintiffs are entitled to, further demonstration and illustrated by his Order keeping a plaintiff's civil suit filed in the same Federal court that was filed in 2009 against Hewlett Packard and Staples. See. *supra* (USDC-NDCA, San Jose, 09-cv-0328-JW).

Those forms of judicial misconduct of Judge Tigar's, (USDC-NDCA), Judges Ellis' and Buchanan, (USDC-EDVA 2000, and 2010-2013), and by Judge Andrews, (DDE) are corrupt acts raise each judge's unconstitutional order is adverse and contrary to the Ninth Fourth, Third, and Second Circuits, invoke "pendent, appellate jurisdiction" to decide the question presented against Judge Tigar's Order as an unconstitutional denying of Fiorani's § 1915(b) and showing Judge Tigar's violation of 28 U.S.C. § 455(a).

Judge Ellis constantly is raising an unconstitutionally issued Order that was shown to and disapproved by many other Circuit Courts, each disregarding an unconstitutional Order issued by a corrupted Judge Ellis, who is demonstrated to be bribed, biased, partial, and have favoritism against Fiorani. Inasmuch as it is demonstrated by Judge Ellis' illegal revival of another Eastern District Court's District Judge's 15-year old bribery and payoffs to issue that Order to keep any pro-se's complaints against large company's who can pay bribes and give Judge Albert Bryant his criminal financial payments, must be removed as a judge, depraved, corrupted by briberies after nearly two decades of violating Fiorani's Constitutional Rights, Due Process and Equal Protection of Laws trumps Ellis' [ab]uses of exposed bribery paid to federal Judges is corruption and prejudicial rulings by the Fourth Circuit of any District Court's Orders that use it to deny and keep Fiorani's IFP from being promptly **GRANTED, adverse to or contrary to Eastern District of Virginia, J. Ellis,**

**and District Court of Delaware, J. Andrews.**

These many forms of corrupt(ed) judicial misconduct demonstrated by that Order must be exposed to this Circuit Court's judicial misconduct committee, the Director and Chief Judge of the Office of the Administrative U.S. Courts, and Department of Justice's Civil Rights Division, copies to the Attorney General, Honorable Mr. Eric Holder, on his Washington Post story of judicial corruption, bribery, biases and prejudicial orders, now illuminated by judges Ellis, Andrews, and Tigar's intentionally irrelevant information Ellis fraudulently included in his unconstitutional November 9 Order that denies Fiorani's IFP.

The Third Circuit reversed the District Court's Order dismissing Plaintiff Fiorani's IFP twice. The first time was in August 2010, when judge Ellis fabricated his Order, in favor of a large lucrative defendant, Chrysler-Dodge. J. Ellis was corrupted before 2010 when he totally disregarded, ignored, and refused to accept what other Federal Districts and Circuit Courts, and the Bankruptcy Court, SDNY, had seen as documentary evidence showing that Chrysler had directed its nearly 100 Dodge dealers to commit and engage in a nationwide major criminal conspiracy, (18 U.S.C. § 371, § 1961, § 1962, and § 1512-1513), against Fiorani and all those who are class-plaintiffs against Chrysler before, on, and after May 1, 2009.

The evidence showed Judge Ellis was bribed and he was paid a financial incentive to keep Fiorani's civil case from being filed and heard, per Maryland's dealer's salesman who made the payment to the Federal courier to Judge Ellis out of the Maryland Dodge Regional Business Office in Beltsville, MD.

Fiorani's Constitutional Right to bring his suit or suits, pro-se, against any major company, person or persons, who did violate matters of Federal and State codes, acts, statute and laws, as this civil suit does under the various Federal and State's Acts, Codes, Statutes and Regulations of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301-§ 2310, 18 U.S.C. § 1961, § 1964(c), 15 U.S.C. § 1, and 18 U.S.C. § 4 and § 1979. Islamic Shura Council of Southern California v. F.B.I., 635 F.3d 1160, 1164-65 (9th Cir. 2011); S.E.C. v. Rajaratnam, 622 F.3d 159 (2nd Cir. 2010)(Privacy Rights). See also, Title 18 U.S.C. § 4 and § 1979; Song-Beverly Act, MMW Act, RICO Act, and Federal Criminal Code, 18 U.S.C. § 371. *In re.*, Apple, Inc., 602 F.3d 909 (8th Cir. 2010); *In re.*, Ford Motor Co., 591 F.3d 406 (5th Cir. 2009) See also, Stockmeier v. Angelone, 62 F.3d 287 (9th Cir. 1995); Fiorani v. Hewlett Packard, (9th Cir., 2009); Fiorani v. Hewlett Packard, (USDC-NDCA, San Jose, CA, 2010. 2012, 2013).

By Judge Tigar's making his misleading assertion and fraudulent implications from a totally irrelevant Judge Ellis, Judge Tigar intends to denigrate, malign, slander and libel Plaintiff Fiorani without any Constitutional hearing or trial, because none of those Federal judges had ever timely served all defendants of HP and Staples.

Therefore, those three-judges' judicial misconduct is against our Equal Protection of Laws at are written at the top of the Supreme Court building, "All Men Are Created Equal and No Man is Above the Law." O'Neal v. Price, 531 F.3d 1146, 1150 (9th Cir.2008)(and cases cited therein.); Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077 (10th Cir. 2007). *Cf.*, Fiorani, et al., v. Chrysler Corp., 10-0880, (3rd Cir. 2010). Roberts v. United States District Court, 339 U.S. 844 (1950).

Whereby, Judge Tigar's Order of denial of services of process and IFP intentionally demonstrates acts of his, the Court's ignoring, disregarding and outright failing to comply with all relevant consumer protection laws of California, "Song-Beverly Act" and MMWA, and other California criminal acts, which includes Federal Code, Acts, and Statutes under RICO and the Sherman Antitrust Act. Those Federal codes are to be fully enforced by all Courts' to protect the Constitution and provide all persons with Due Process and Equal Protection of Laws.

## V. CONCLUSION

Wherefore, Fiorani submits that there are serious conflicts within district courts and circuits when a Plaintiff/Appellant is unconstitutionally denied his IFP under § 1915 CONTRARY to and opposite a plaintiff's Constitutional Due Process and Equal Protection of the Laws by a corrupted district judge's blocking, interfering with, and hindering or delaying filing of Plaintiff's meritable facts and causes of action as outlined by a Federal Statute, Code, Act, Rule, and State's code, act, statute, and rule, from ever being timely heard in any District Court against defendants, Hewlett Packard. *Cf.* Class Plaintiffs v. HP, et al., (USDC-NDCA, San Jose, J. Tigar, 2013).

Ross A. Fiorani

Ross A. Fiorani
Appellant, Pro-Se
7115 Latour Court
Kingstowne, VA 22315
(703) 719-0272
valegal53@gmail.com