UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS A. FIORANI,<br>    Plaintiff,<br>v.<br><br>HEWLETT-PACKARD CORP, et al.,<br>    Defendants. | Case No. 12-cv-01240-JST<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

## I.    INTRODUCTION

On November 9, this Court denied Plaintiff's application to proceed *in forma pauperis*. Order Denying Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 43. Noting that Plaintiff is subject to a pre-filing injunction order issued by the Eastern District of Virginia, this Court ordered Plaintiff to, within fourteen days, seek leave of court pursuant to the pre-filing injunction order, satisfy all of the requirements of the pre-filing injunction order, and complete a new *in forma pauperis* application that remedies several defects that the Court identified in his application. Id. In that order, the Court advised Plaintiff that failure to comply would result in dismissal with prejudice. Id. When Plaintiff failed to comply with the Court's order, the Court issued an Order to Show Cause why Plaintiff's complaint should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Order to Show Cause (Nov. 27, 2013), ECF No. 49. Plaintiff did not appear at the December 19 hearing the Court set for the

Order to Show Cause. See Civil Minutes, ECF No. 52.  Plaintiff filed a "Reply and Objection to Court's Order to Show Cause," which was received a week after the Court's deadline to file a written response.  ECF No. 53.  Nothing in the "Reply and Objection" attempts to explain or excuse Plaintiff's failure to comply with the Court's orders, and neither does it indicate that Plaintiff intends to comply in the future.[1]

For the following reasons, the complaint is hereby DISMISSED WITH PREJUDICE.

## II.   LEGAL STANDARD

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotation marks omitted).

## III.   ANALYSIS

The Court concludes that four of the five factors discussed above strongly support the dismissal of this action.

The first two factors, namely the public's interest in expeditious resolution of litigation and the court's need to manage its docket, relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending."  Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1279 (9th Cir. 1980).  Here, by failing to comply with the Court's orders,

---

[1] The only other filings this Court has received from Plaintiff after the November 9 order appear to be attempts by Plaintiff to appeal the Court's order *in forma pauperis* to the Ninth Circuit.  See ECF Nos. 45 & 51.

2

Plaintiff has completely stalled this action, thereby depriving the Court of the ability to control the pace of its docket. Accordingly, these factors weigh strongly in favor of dismissal.

Although the third factor, the risk of prejudice to the defendant, may not appear to apply to a case in which defendants have not appeared, the Ninth Circuit has held that "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987). "[A] presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez, 138 at 400. A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281. Here, Plaintiff has provided no excuse for his failure to comply with the Court's orders even though the Court gave him an opportunity to do so. Accordingly, this factor also weighs strongly in favor of dismissal.

The fourth factor concerns the public policy favoring disposition of cases on their merits, which normally "strongly counsels against dismissal." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Nevertheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." Id. at 1228. For this reason, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (citations and internal quotation marks omitted). Here, Plaintiff's failure to comply with the Court's orders has impeded all progress in this case. Thus, this factor is neutral at best.

Finally, the fifth factor pertains to the availability of less drastic sanctions. Here, the Court gave Plaintiffs two opportunities to comply with the Court's orders and two opportunities to explain his lack of diligence in prosecuting this action. The Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent" on two occasions. Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Rather than dismiss the complaint with prejudice after Plaintiff failed to

3

comply with the Court's first order, the Court attempted the lesser sanction of issuing an Order to Show Cause and providing yet another opportunity to comply. Cf. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999). These opportunities and warnings are sufficient to establish that the Court has considered sanctions short of dismissal. In re PPA Prods. Liab. Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation omitted); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case").

This case's history alone would justify the Court's conclusion that providing further opportunities for compliance would be an exercise in futility.[2] But the Court's conclusion is further reinforced by the fact that, according to other district courts, Plaintiff "is a *pro se* serial filer of frivolous, baseless claims, and has been prohibited from filing actions in federal district court without prior leave." Fiorani v. Chrysler-Dodge Corp., No 1:10-cv-989, 2011 WL 1085871, at *1 (E.D. Va. Jan. 26, 2011) report and recommendation adopted, No. 1:10-cv-989, 2011 WL 1085034 (E.D. Va. Mar. 18, 2011) aff'd sub nom. Fiorani ex rel. 7 States' Attorney Generals v. Chrysler-Dodge Corp., 440 F. App'x 205 (4th Cir. 2011). The fifth factor weighs strongly in favor of dismissal.

Because granting further leave to amend would be futile, and because of the undue delay in this case, dismissal is with prejudice. See Yourish, 191 F.3d at 998 (affirming dismissal with prejudice for failure to timely amend complaint). Bearing in mind its obligation of sensitivity to *pro se* litigants, the Court has more than adequately "provide[d] the litigant with notice of the

---

[2] Ordinarily, despite being denied *in forma pauperis* status, a plaintiff would be afforded an opportunity to proceed after paying the filing fee, but in this case plaintiff has also failed to comply with the portion of the Court's November 12 order which ordered his compliance with the Eastern District of Virginia's pre-filing injunction order.

deficiencies" in his prosecution of this action, and provided several opportunities for compliance. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

## V. CONCLUSION

Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 22, 2013



_____
JON S. TIGAR
United States District Judge